HON. RICHARD J. BARTLETT State Administrative Judge Office of Court Administration
This is in reply to your November 25, 1977 inquiry concerning whether one elected a Town Justice may assume office on January 1, he, at the same time being employed as a principal jail guard at a county jail. Your letter refers to a letter written April 26, 1973 by the Attorney General's office to Gerald J. O'Reilly, who at the time, was Town Attorney for the Town of West Seneca.
It appears the town justice about whom your question centers is currently employed as principal jail guard at the Erie County Jail. I am told, based on information supplied by the Erie County Civil Service Commission, that a principal jail guard (now referred to as principal holding center guard), inter alia, supervises and assigns duties to guards of the Erie County Jail (now referred to as the Erie County Holding Center). In this position he assigns a group of guards to various stations of the holding center for care, well-being, feeding, transfer, release, custody, treatment, interview, or escort of inmates. Such a guard makes regular tours of inspection, checking locks, clocks, and receiving reports from guards on census and counts. He attends to and assists the guards with problems and complaints, and supervises the enforcement of rules and regulations on security. He performs duties in the receiving of inmates, searches and records all clothes, assigns inmates to cellblocks, and performs other clerical duties associated with receiving and releasing of prisoners. This principal position also requires the individual to receive and inspect credentials of visitors to the holding center. Clearly, then, any person holding this position would be considered a guard.
Uniform Justice Court Act § 105(c) provides:
 "No town or village justice selected for a term of office commencing on or after July first, nineteen hundred seventy-five, shall engage in or accept any employment as a `peace officer' as that term is defined in section 1.20 of the criminal procedure law."
Criminal Procedure Law § 1.20(33)(h) defines a peace officer to include:
 "An attendant, or an official, or guard of any state prison or of any penal correctional institution."
Correction Law § 611 -a(1), in relevant part, provides:
 "Any commitment to a county * * * correctional institution pursuant to subdivision two of section 70.20 of the penal law shall be deemed a commitment to the county jail * * *." (Emphasis supplied.)
Penal Law § 70.20(2), in relevant part, provides:
 "Definite sentence. When a definite sentence of imprisonment is imposed, the court shall commit the defendant to the county * * * correctional institution for the term of his sentence and until released in accordance with law." (Emphasis supplied.)
The language of the Uniform Justice Court Act quoted above, prohibiting a town justice selected on or after July 1, 1975 to be employed as a peace officer, was enacted pursuant to the Laws of 1975, Chapter 250. As stated in the New York State Legislative Annual (1975), the underlying measure had been introduced at the request of the Administrative Board of the State of New York. It was noted therein that:
 "While the Attorney General has long held that the positions of peace officer and Town or Village Justice are incompatible (most recently in 1970 Op. Att. Gen. 94 [Inf.]), several peace officers have been elected and sit as Town or Village Justices. Inasmuch as there is no constitutional or statutory bar to holding these two offices, the Attorney General bases his opinion on the common law theory of incompatibility. Since there has never been a judicial determination as to the incompatibility of these two offices, the Attorney General's opinions are only advisory."
The county jail in which the town justice is employed as principal jail guard would be considered a penal correctional institution because of its description contained in Correction Law § 611 -a(1) and Penal Law § 70.20(2). In confirmation of this, a February 2, 1970 informal opinion (1970 Atty Gen [Inf Opns] 49) holds that a county jail is a penal correctional institution and a guard at a county jail is a peace officer.
I am of the opinion, therefore, that a principal jail guard, now called a principal holding center guard, at a county jail, now called a county holding center, is a peace officer and, as such, most particularly by reason of Uniform Justice Court Act § 105(c), effective July 1, 1975, may not lawfully serve concurrently as a town justice.